UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KHALEEL HEIDRA**,

                Plaintiff,

                                    Case No:

v

                                    Hon.

**APL MARINE SERVICES, LTD,**
**OWNER?**
**OPERATOR?**
**EMPLOYER?**

                Defendant.
_____/
D. BRUCE BEATON  (P32704)
Attorney for Plaintiff
137 S. Water Street
Marine City, MI  48039
 (810) 765-3333
_____

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, KHALEEL HEIDRA, by and through his attorney, **D. BRUCE BEATON, PLC**, by D. Bruce Beaton, and respectfully represents unto this Honorable Court as follows:

### COUNT I

1. Plaintiff, KHALEEL HEIDRA, is a resident of the City of Dearborn, County of Wayne, State of Michigan.

2. On 3/8/2023 Defendant, APL MARINE SERVICES, LTD, the owner of the CMA CGM DAKAR, (hereinafter "APL MARINE") is a foreign corporation licensed and incorporated under the laws of France or Defendant CMA CGM DAKAR TRUST was the owner of the CMA CGM DAKAR (herein after DAKAR TRUST) has a principal place of business in Norfolk, Virginia.

3. That CMA CGM DAKAR is an American flagged vessel.

4. On 3/8/2023 Defendant, APL MARINE LTD, is the operator/employer of the CMA CGM DAKAR and has a principal place of business in Scottsdale, Arizona.

5. That on 3/8/23 Defendant, DAKAR TRUST, is a corporation duly organized and existing under and by virtue of the laws of the State of Virginia whose main offices of business is located in Norfolk, Virginia.

6. That this case and its jurisdiction is based upon "The Jones Act" **46 USC Section 30101, et seq.; 46 USC Section 30104**, the Admiralty and General Maritime jurisdiction of this Court, and the amount in controversy is in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest, and attorney fees.

7. On or about March 8, 2023, Defendant, APL MARINE, owned, managed, and/or operated a certain marine vessel known as the "**CMA CGM DAKAR**" upon which Plaintiff served as a member of the crew.

8. On or about March 8, 2023, Defendants were the employer of Plaintiff aboard the CMA CGM DAKAR.

9. That Plaintiff's employment was secured through the Seafarers International Union, located in the Eastern District of Michigan, Southern Division.

10. That at all times relevant hereto, Plaintiff was employed by Defendant in the capacity of a Chief Cook and enjoyed "seaman status" pursuant to applicable law; including, but not limited to, **46 USC Section 30101, et seq.; 46 USC Section 30104**, as well as 28 USC Section 1916.

11. That pursuant to "The Jones Act," 46 **USCA Section 30101, et seq.; 46 USC Section 30104**, and to the general admiralty and maritime law, it became and was the duty of Defendants to provide a seaworthy vessel and furthermore it was the duty of Defendants to make and keep safe the vessel for those working in, on, and around said vessel, and furthermore, it was the duty of Defendants to exercise reasonable care for the safety of those working in, on, and around said vessel, and Plaintiff, KHALEEL HEIDRA, in particular.

12. Defendants, by their agents, servants, and employees, caused Plaintiff to be permanently, painfully, and seriously injured as a result of one or more of the following negligent acts and/or omissions including, but not limited to:

- a) failed to provide Plaintiff with a safe and seaworthy vessel, appurtenances, equipment, and crew, and a reasonably safe place to work;

- b) ordered Plaintiff to perform a job which was not reasonably safe, to-wit: Plaintiff was required to make a lift for which he was not trained in a reasonably safe procedure;

- c) failure to comply with ISM requirements to establish, comply with, and audit a Safety Management Plan;

- d) failed to provide a reasonably safe work place when Defendant knew or should have known of the potential hazard in the work place and failed to exercise reasonable care to inform and protect Plaintiff;

- e) failing to discover and correct such latent and/or patent defects and/or dangerous conditions which defendant knew, or in the exercise of reasonable care should have known, presented an unreasonable risk of injury to Plaintiff;

- f) failing to establish, enforce, and ensure compliance with Defendant's safety policies and procedures;

- g) failing to hire careful, competent, and knowledgeable employees to perform work who knew, or in the exercise of reasonable care should have known, that the condition then existing at the time of the accident required special training to perform the task;

- h) negligently assigning Plaintiff to a job which exposed him to an unreasonable risk of harm;

- i) violating a Safety Statute and/or Regulation which was intended for the safety of Plaintiff as a crewman;

4

j) failing to properly instruct and supervise the employees it did hire so that those required to work on said vessel could work without being placed in danger of injury;

k) Defendants failed to train Defendants' employees to not create unreasonable risk of harm;

l) assigning Plaintiff to work that was unreasonably dangerous;

m) failing to properly monitor and/or inspect Plaintiff's work activities and work environment and minimize, reduce or otherwise eliminate unnecessary exposure to recognized risks and hazards;

n) Defendants knew or should have known about the unreasonable risk of harm which injured Plaintiff and failed to eliminate the risk and/or warn Plaintiff of the risk;

o) Defendant provided deficient equipment;

p) Failure to provide proper training;

q) failing to provide a vessel, equipment, appurtenances, and crew which was reasonably fit for its intended purpose;

r) negligently and carelessly caused, allowed, and permitted the vessel, its appurtenances and work method to be operated, supervised, equipped, controlled, designed, manufactured, maintained, and inspected in such a manner as to cause Plaintiff to suffer injury;

s) Defendants had a medical officer who failed to provide Plaintiff reasonable medical treatment and restrictions;

t) other acts of negligence to be proved at the Trial of this cause.

13. As a direct result of said negligence, Plaintiff, KHALEEL HEIDRA, has become liable for and required to expend large sums of money for the receipt of hospital, medical, and surgical care and treatment and will continue to do so in the future; has suffered great physical pain and mental anguish and will continue to

do so in the future; has been rendered disabled and unable to attend to his usual and ordinary affairs and will remain so in the future; has suffered a loss of earnings and earning capacity, other economic losses, and the ability to work and will remain so in the future.

WHEREFORE, Plaintiff, KHALEEL HEIDRA, demands judgment against Defendants in whatever amount to which he is found to be entitled, together with costs, interest, and attorney fees.

## **COUNT II**

For a Second Count herein, Plaintiff, KHALEEL HEIDRA, by and through his aforesaid attorneys, respectfully represent to this Honorable Court as follows:

1-13. Plaintiff repeats and realleges paragraphs one (1) through thirteen (13) of Count I herein, inclusive, as if set forth more specifically herein paragraph by paragraph.

14. That Defendants, as the owner, employer, and/or operator of the "**CMA CGM DAKAR**" expressly and/or impliedly warranted that its vessel, crew, equipment, and appurtenances were reasonably fit for the uses, purposes, and misuses either intended, anticipated, or reasonably foreseeable, in accordance with the provisions of the general admiralty and maritime law.

15. Pursuant to the General Maritime Law, Defendant has an absolute, non-delegable duty to provide Plaintiff with a reasonably safe and seaworthy vessel, appurtenances, equipment, and crew, and a reasonably safe place to work.

16. That more specifically, Defendant expressly and impliedly warranted that its vessel was owned, maintained, controlled, and/or operated so as not to subject persons, such as Plaintiff, KHALEEL HEIDRA, who were working on said vessel to unreasonable risks of harm and injury and that said Defendant breached its duty as a ship owner to provide a seaworthy vessel and its crew and equipment which was reasonably fit for the purposes for which they were intended in accordance with general admiralty and maritime law.

17. That as a direct and proximate result of Defendant's aforementioned breaches of duty and of said injuries, Plaintiff, KHALEEL HEIDRA, has become liable for and required to expend large sums of money for the receipt of hospital, medical, and surgical care and treatment and will continue to do so in the future; has suffered great physical pain and mental anguish and will continue to do so in the future; has been rendered disabled and unable to attend to his usual and ordinary affairs and will remain so in the future; has suffered a loss of earnings, earning capacity, other economic losses, and the ability to work and will remain so in the future.

WHEREFORE, Plaintiff, KHALEEL HEIDRA, demands judgment against Defendants in whatever amount to which he is found to be entitled, together with costs, interest, and attorney fees.

## COUNT III

For a Third Count herein, Plaintiff, KHALEEL HEIDRA, by and through his aforesaid attorneys, respectfully represents to this Honorable Court as follows:

1-17.   Plaintiff repeats and realigns paragraphs one (1) though thirteen (13) of Count I inclusive, and paragraphs fourteen (14) through seventeen (17) as if set forth more specifically paragraph by paragraph.

18.   Under Federal Admiralty Law, Defendant is burdened with a duty for the benefit of plaintiff to provide "maintenance and cure' Benefits for injuries plaintiff sustained during the course of his employment.

19.   Defendants have or may during the course of this litigation wrongfully reduce and withhold the maintenance and cure benefits to which Plaintiff is entitled for support and medical expenses incurred during the course of his disability as a result of the subject incident; whereby Plaintiff has or will suffer and continue to suffer from a state of forced impoverishment, lack of necessary medical care and irreparable damage to his credit rating and reputation as a result of Defendant's wrongful, deliberate and willful and wanton acts and omissions and

whereby Plaintiff seeks the imposition and levy of compensatory and of punitive damages against the Defendants.

WHEREFORE, Plaintiff demands judgment against the Defendants in whatever amount to which he is found to be entitled, together with exemplary and or punitive damages, costs, and attorney fees.

                                          D. BRUCE BEATON, PLC

Dated: March 7, 2025                /s/ *D. Bruce Beaton*
                                          D. Bruce Beaton, P32704
                                          Attorney for Plaintiff
                                          137 S. Water Street
                                          Marine City, MI  48039
                                          Phone: (810) 765-3333
                                          Fax: (810) 765-4026
                                          dbb@dbbeatonlaw.com

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, KHALEEL HEIDRA, by and through his attorney, D. BRUCE BEATON, PLC, by D. Bruce Beaton, and hereby demands a Trial by Jury for all of the issues in the above-captioned matter.

                                          D. BRUCE BEATON, PLC

Dated: March 7, 2025                /s/ *D. Bruce Beaton*

                                          D. Bruce Beaton, P32704
                                          Attorney for Plaintiff
                                          137 S. Water Street
                                          Marine City, MI  48039
                                          Phone: (810) 765-3333
                                          Fax: (810) 765-4026
                                          dbb@dbbeatonlaw.com

## **CERTIFICATE OF SERVICE**

 I hereby certify that on March 7, 2025, I electronically filed PLAINTIFF'S COMPLAINT AND JURY DEMAND with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

  Attorney for Defendant

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants_____(none)_____.

Dated:  March 7, 2025    **D. BRUCE BEATON, PLC**

        */s/ D. Bruce Beaton*
        D. Bruce Beaton  P32704
        Attorney for Plaintiff
        137 S. Water Street
        Marine City, MI  48039
        Phone: (810) 765-3333
        Fax: (810) 765-4026
        dbb@dbbeatonlaw.com